IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Komlan Etienne Tchalla, | No. CV-23-00296-TUC-JAS |
| Plaintiff, | **ORDER** |
| v. | |
| Arizona Motor Vehicle Division, et al., | |
| Defendants. | |

A review of the record reflects that there is no viable basis establishing jurisdiction in this case. "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute . . . ." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The party asserting jurisdiction in a United States District Court has the burden of demonstrating jurisdiction. *Id.* Should the party asserting jurisdiction fail to do so, the court will presume it lacks jurisdiction over the matter. *Id.* "District judges have no obligation to act as counsel or paralegal to pro se litigants" because this would undermine a district judge's role as an impartial decision maker. *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *see also Lopez v. Smith*, 203 F.3d 1122, 1131, n.13 (9th Cir. 2000) (en banc).

Plaintiff names several Defendants in this case: Pep Boys, Inc., the Arizona Motor Vehicle Division, Arizona Attorney General, and the Better Business Bureau. *See* Doc. 1 at 1-2. According to Plaintiff, the amount in controversy is "$3,000" and the entirety of any allegations in support of any purported claims are as follows: "The allegation of

|   |   |
|---|---|
| 1 | abandon my car is false and misleading and I have proven it. I need to get a compensation |
| 2 | and not be sanctioned . . . I need an appropriate compensation and the respect of my rights." |
| 3 | *See* Doc. 6 at 4-5.  The record clearly reflects that there is no viable basis for diversity or |
| 4 | federal question jurisdiction, and allowing further amendment would be futile.  *See* |
| 5 | *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Provincial Gov't of* |
| 6 | *Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1086 (9th Cir. 2009); *Charvat v. GVN* |
| 7 | *Mich., Inc.*, 561 F.3d 623, 628 (6th Cir. 2009); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, |
| 8 | 84 (2005).  Accordingly, this case is dismissed, all pending matters are denied, and the |
| 9 | Clerk of the Court shall enter judgment and close the file in this case. |
| 10 | |
| 11 | Dated this 13th day of February, 2024. |

Honorable James A. Soto
United States District Judge